UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

       v.                                                  5:17-CR-0118
                                                                (DNH)
FELIPE ORTEGA-ARRIETA,

                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
| --- | --- |
| UNITED STATES ATTORNEY'S OFFICE | ROBERT S. LEVINE, ESQ. |
| 100 South Clinton Street, Room 900 | Assistant U.S. Attorney |
| Syracuse, New York 13261 | |
| | |
| OFFICE OF THE FEDERAL PUBLIC DEFENDER | JUAN J. RODRIGUEZ, ESQ. |
| Northern District of New York | Assistant Federal Public Defender |
| Attorneys for Defendant | |
| 4 Clinton Square, 3rd Floor | |
| Syracuse, New York 13202 | |

DAVID N. HURD
United States District Judge

## MEMORANDUM, DECISION and ORDER

### I.      INTRODUCTION

On May 25, 2017, defendant Felipe Gregorio Ortega-Arrieta ("Ortega-Arrieta" or "defendant") was charged in a one count indictment with illegal reentry after a felony conviction in violation of 8 U.S.C. § 1326 (the "Indictment"). On July 11, 2017, defendant moved to dismiss the Indictment on statute of limitations grounds. On August 24, 2017, defendant's motion was granted and the Indictment was dismissed. See Memorandum, Decision & Order (the "August 24 Decision" or "Decision").

The Government now moves for reconsideration pursuant to Northern District of New York Local Rule 7.1(g). The defendant opposes. The motion was considered on its submissions without oral argument.

## II.    **DISCUSSION**

The Government contends that the August 24 Decision should be reconsidered since: (a) the determination that federal immigration authorities discovered Ortega-Arrieta in the United States as of December 15, 2011 is manifestly unjust and (b) new evidence shows that the defendant had the intent to flee when he failed to appear in New York State court on March 24, 2010.

*(a) Legal Standard.*

The standard for granting a motion for reconsideration pursuant to the Federal Rules of Civil Procedure 2 is "strict." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration is neither a vehicle for securing a rehearing on the merits nor an opportunity to assert arguments that could and should have been made before the contested decision was issued. See id. Rather, it is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scare judicial resources," and will generally be denied unless "the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision." Montblanc–Simplo GmbH v. Colibri Corp., 739 F. Supp.2d 143, 147 (E.D.N.Y.2010) (citations omitted).  Reconsideration is not appropriate "where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Accordingly, a previous ruling will only be reconsidered and vacated if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F.Supp. 923, 925 (N.D.N.Y.1995) (McAvoy, C.J.) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.1983)).

(b) *Federal Officials Discovered Ortega-Arrieta on December 15, 2011*.

The Government contends that federal immigration officials did not possess reliable information as to Ortega-Arrieta's physical location on December 15, 2011 and, therefore, the statute of limitations did not begin to run at that time.  They argue that there is no evidence that federal immigration authorities were aware that the New York State warrant existed or that any immigration official reviewed the New York State arrest warrant information in December 2011 or verified its reliability.

However, the Court properly considered these exact Government arguments when granting Ortega-Arrieta's motion to dismiss and therefore they are insufficient grounds upon which to reconsider.

The Second Circuit has found that the offense of being "found in" the United States in violation of § 1326 is complete when "the authorities both discover the illegal alien in the United States . . . and know, or with the exercise of diligence typical of law enforcement authorities could have discovered, the illegality of his presence . . ." Id. at 282; see also United States v. Williams, 733 F.3d 448, 453 (2d Cir. 2013), United States v. Mercedes, 287 F.3d 47, 54 (2d Cir. 2002). The statute of limitations begins to run not at the time of the alien's reentry but "only upon the INS's subsequent discovery of his presence in the United States." United States v. Acevedo, 229 F.3d 350, 356 (2d Cir. 2000).  The Second Circuit has concluded that while federal officials need not make physical contact with the alien for them to be found, the alien's presence must be "discovered", meaning that "federal authorities possess reliable information as to the alien's whereabouts." Williams, 733 F.3d at 455.

The Government does not dispute that the New York State Police Department updated the National Crime Information Center ("NCIC") database with information indicating that a warrant had been issued for Ortega-Arrieta's arrest. <u>See</u> Gov't Memo., at 3-4. Further, they do not dispute that the warrant associated with the NCIC database update identified defendant's real name, date of birth, New York driver's license number, NCIC identification number and the address defendant provided the arresting officer at the time of his arrest on January 2, 2010, specifically 464 East 115th Street, New York, New York. <u>See</u> Gov't Memo., Ex. D. After carefully analyzing and weighing <u>Williams</u> and the other Second Circuit decisions concerning when a defendant is "discovered" in the United States, the August 24 Decision concluded that federal immigrant officials possessed reliable information as to Ortega-Arrieta's physical location on December 15, 2011 when the NCIC database was updated and pertinent information concerning defendant's whereabouts was transferred from state officials to federal officials.

"The high burden imposed on the moving party [seeking reconsideration] has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." <u>Nowacki v. Closson</u>, 2001 WL 175239, *1 (N.D.N.Y. Jan.24, 2001) (Munson, J.). The Government is making the same argument it previously made in response Ortega-Arrieta's motion to dismiss the Indictment, which has already been considered and rejected.

Therefore, the Government has failed to establish any clear error of law or any manifest injustice in the conclusion that federal officials possessed reliable information concerning Ortega-Arrieta's physical location on December 15, 2011. As a result, the Government's motion for reconsideration on this ground will be denied.

(c) _New Evidence of Ortega-Arrieta's Intent to Flee_.

The Government has submitted a transcript from Ortega-Arrieta's January 3, 2010 arraignment in New York State court, which it alleges is new evidence demonstrating defendant's intention to flee the state charges against him.  See Transcript, Gov't Memo., Ex. C.

In the Northern District, a court may reconsider its previously ruling if "new evidence not previously available come to light."  United States v. Desnoyers, 2009 WI 2986664, at *1 (N.D.N.Y. Sept. 14, 2009).  In order for evidence to be considered newly available, it must be "evidence that was 'truly newly discovered or could not have been found by due diligence.'" Space Hunters, Inc. v. United States, 500 Fed. Appx. 76, 81 (2d Cir. 2012) (quoting United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983)). "A motion to reconsider is not [a party's] opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 396 (S.D.N.Y. 2016) (quoting Muyet v. United States, 2009 WL 2568430, at *3 (S.D.N.Y. Aug. 19, 2009)).

The Government has not asserted, nor proven, that the January 3, 2010 transcript from New York State court was unavailable to it or could not be found with due diligence prior to the August 24 Decision.  At oral argument on August 18, 2017, the Government indicated that it had been in contact with the New York County District Attorney's Office regarding the 2010 proceedings concerning Ortega-Arrieta, but did not request an adjournment or request leave to supplement its submissions in this matter to include the January 3, 2010 transcript.  As a result,

the Government has failed to demonstrate that the January 3, 2010 transcript is "newly available" and therefore their motion to reconsider on such grounds will be denied.

## III.    CONCLUSION

"A party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citation and internal quotation marks omitted).  While the Government clearly did not expect to lose Ortega-Arrieta's motion to dismiss the Indictment, such a reality is not a sufficient justification to permit them a "second bite of the apple" or a basis for granting reconsideration in their favor.

As the Government's motion for reconsideration does not identify any intervening change in controlling law, new evidence not previously available, or the need to correct a clear error of law, the Government's motion for reconsideration must be denied.

Therefore, it is ORDERED that:

1. The Government's motion for reconsideration is **DENIED;** and

2. the dismissal of the Indictment on August 24, 2017 **REMAINS** in full force and effect.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 26, 2017
       Utica, New York